■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES FWILO, Appellant.— Judgment, Supreme Court, Bronx County, rendered June 29, 1973 convicting defendant of the crimes of attempt to commit the crime of robbery in the first degree, possession of a dangerous weapon as a felony, and reckless endangerment in the second degree, and sentencing him to a reformatory term on the attempted robbery and possession convictions and a conditional discharge on the reckless endangerment conviction, unanimously modified, on the law, to reduce the crime of attempted robbery first degree to attempted robbery second degree; to dismiss the count of possession of a dangerous weapon as a felony; and to remit the matter for resentencing, and as so modified the judgment is affirmed. Although defense counsel stipulated that the ballistic expert, if called as a witness, would testify that the subject gun was tested and found to be operable, such stipulation merely encompassed what the expert would state in his testimony, and was not a concession that the expert's conclusions were accurate or that the gun, in fact, was operable. Accordingly, since the evidence presented an issue with respect to the operability of the gun, the court should have granted defense counsel's request to charge that the "jury must find beyond a reasonable doubt that the pistol was in fact operable". Such was essential in order to find defendant guilty of attempted robbery in the first degree (Penal Law, § 110.00; 160.15, subd. 2) or possession of a dangerous weapon as a felony (Penal Law, § 265.05, subd. 2) since a gun, even though loaded, constitutes a deadly weapon if "a shot, readily capable of producing death or other serious physical injury, may be discharged [from it]" (Penal Law, § 10.00, subd. 12) and may only be considered a dangerous instrument if "under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury." (Penal Law, § 10.00, subd. 13; see *People* v. *Grillo*, 15 A D 2d 502, affd. 11

N Y 2d 841; and *People* v. *DeWitt*, 285 App. Div. 1157, holding that a mechanically defective gun may not be the basis of unlawful possession of a firearm.) However, although the court should have charged as requested, the evidence was, in any event, legally sufficient to establish defendant's guilt of robbery in the second degree (Penal Law, § 160.10) and in accordance with the power vested in this court the judgment is modified to reduce the crime of attempted robbery in the first degree to attempted robbery in the second degree and to remit the matter for resentencing (CPL 470.15, subd. 2, par. [a]; CPL 470.20, subd. 4). Concur — Stevens, J. P., Markewich, Tilzer, Capozzoli and Nunez, JJ.