■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DONALDSON, Appellant.—Judgment unanimously reversed, on the law, and indictment dismissed. Memorandum: The record fully establishes a sound basis for the District Attorney's acknowledgment, with commendable candor, that there were prejudicial errors committed in the course of the trial requiring reversal of the judgment of conviction. One of the two police officers who apprehended defendant and an alleged accomplice in a car which they observed pulling away from the immediate area of Linwood and Bryant in the City of Buffalo testified that he and his partner had "received a call of two men trying to break into the house through a side window of

the house at Bryant and Linwood." They thereupon chased and stopped the car driven by defendant. While the court after objection ruled that it would not receive the testimony as proof of the truth of the statement asserted but merely to establish that the call was received, the statement was clearly hearsay and its prejudicial effect was reinforced by the opening of the Assistant District Attorney wherein he sought to impute guilt to defendant by virtue of the radio call. Both the prosecutor and the court referred to the defendant's failure to take the stand in such a manner as to invite the jury to draw inferences of guilt in violation of defendant's Fifth Amendment privilege against self incrimination. In his summation, in attempting to support the credibility of a key prosecution witness who it was established had a long criminal record, the prosecutor asserted that the witness "went before the Grand Jury, as you are aware, and he told them what happened and they believed him." Such an attempt to have the trial jury accept as true the witness' trial testimony by reason of the Grand Jury's finding of an indictment was entirely improper and prejudicial to a fair and proper weighing of the testimony on the trial. From the trial record it would appear that the conduct of the prosecutor was such as to deny defendant a fair trial, particularly in the absence of stronger curative instructions by the court. Further, defendant's conviction of possession of a firearm was not supported by proof that the gun produced by the People was operable and not mechanically defective. In the absence of such proof the People failed to establish an essential element of the crime of which defendant was convicted. (See *People v Fwilo,* 47 AD2d 727). (Appeal from judgment of Erie County Court convicting defendant of possession of a weapon.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.