■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DAVIS, Appellant.—Judgment of the Supreme Court, Bronx County, rendered September 8, 1976, convicting the defendant of the crime of possession of a weapon as a misdemeanor (Penal Law, former § 265.05) and sentencing him to a one-year term of imprisonment, unanimously reversed, on the law, and a new trial ordered. The trial court instructed the jury that an auto

jack claimed to be in the possession of the defendant at the time he allegedly assaulted the complaining witness was "a dangerous instrument as a matter of law." This instruction was erroneous. The defendant was prosecuted under subdivision 9 of section 265.05 of the Penal Law as it read prior to its amendment in 1974 which made possession of a dangerous instrument (among other articles described) a misdemeanor. Because the determination as to whether an article is a dangerous instrument depends on the "circumstances in which it is used" (Penal Law, § 10.00, subd 13; *People v Fwilo,* 47 AD2d 727; *People v Cwikla/Ford,* 60 AD2d 40, 43-44, mot for lv to app granted 43 NY2d 927; *People v Ford,* 60 AD2d 40, 43-44, mot for lv to app granted 43 NY2d 928). It was error for the trial court to pre-empt in its instructions the jury's responsibility to determine those circumstances. We are of the opinion that the defendant was prejudiced by the charge—a conclusion reinforced by our observation that he was acquitted of assault charges contained in the indictment and his codefendants were acquitted of all charges. It is unnecessary therefore to consider the other contentions raised by the defendant. Concur—Kupferman, J. P., Birns, Fein, Lane and Sandler, JJ.