■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FERRARA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 1, 1978, convicting him of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. On this appeal defendant claims that he was deprived of a fair trial by the prosecutor's summation which (1) inflamed the jury by claiming the police failed to use electronic and photographic surveillance because to do so would risk death; (2) branded defendant as a liar who gave contrived testimony; (3) told the jury an acquittal was tantamount to a finding that the police were guilty of perjury; and (4) relied on the Grand Jury's filing of an indictment to buttress the credibility of the People's witnesses. Defendant was tried with one John Schaaff and both were convicted. The first three instances of prosecutorial misconduct alleged by defendant herein were raised in a prior appeal from the codefendant's judgment of conviction and on the basis of these very same remarks this court reversed the codefendant's conviction and ordered a new trial (see *People v Schaaff*, 71 AD2d 630). Finally with respect to the fourth instance of prosecutorial misconduct during summation, alleged by the defendant, the record indicates that, over objection by defense counsel, the prosecutor was allowed to address the jury as follows: "[prosecutor]: And you heard Detective Spittler state that he called up the District Attorney's office, and he spoke to Frank Knock, in the District Attorney's office, and an arrangement was made for him to go to the Grand Jury in Kings County and present the case. And you heard that he did go to the District Attorney's office in Kings County. He did appear at the Grand

Jury. And as a result of that, an indictment was filed, voted and filed by the Grand Jury. And that is the legal paper that was voted and filed July 7, 1977, against these two defendants, the legal document that charges them with the crime. A detective can't legally charge somebody with a crime in this court. This is the Supreme Court. The only way to get a person into the Supreme Court of the State of New York is by way of an indictment, voted by a Grand Jury of the County. * * * Voted by a Grand Jury in the County where an element of the crime took place. And I submit to you that this crime took place in Kings County, that the only county in which it could have been prosecuted was Kings County, that the police officer presented the case to a Grand Jury in Kings County properly, and that the Grand Jury in Kings County properly voted and filed a Grand Jury indictment charging the defendants with the sale on June 10, 1977; and that is how he got to this Part, and that is how he got to this trial and we did absolutely nothing to matter in connection with the Prosecution in this case." By invoking the fact that the Grand Jury "properly" voted and filed an indictment the prosecutor improperly bolstered the credibility of his witnesses (see *People v Donaldson,* 49 AD2d 1004, 1005). Accordingly, the defendant's judgment of conviction is reversed and a new trial ordered. Mollen, P. J., Titone, Martuscello and O'Connor, JJ., concur.