■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD A. BURDASH, Appellant. — Appeal from a judgment of the County Court of Franklin County (Plumadore, J.), rendered April 1, 1982, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and criminal possession of stolen property in the second degree. Conviction on both single-count indictments stemmed from defendant's possession of a stolen .22 caliber Ruger handgun. The weapon, which was obtained from the thief by David Edwards, was then traded by Edwards to defendant for a sleeping bag. At trial, Edwards, testifying under a grant of immunity, professed that, prior to the trade, he had told defendant the gun was stolen; he also claimed to have fired the gun in defendant's presence. Defendant's brother Lester Burdash also testified. Initially, he denied knowledge of the transaction between Edwards and defendant. However, when confronted with a signed statement he had given the police earlier describing the transaction, he maintained for the first time that he had observed a pellet gun. Over defense objection, this statement was allowed into evidence solely as a prior inconsistent statement and the jury was permitted to have a copy available during its deliberations. We find no reversible error in the court's rulings and instructions concerning Lester Burdash's statement. On receipt of the statement into evidence, the court made known that it was being received solely as a prior inconsistent statement. Although further elaboration would have been helpful, any confusion regarding the weight the jury was to give the statement was subsequently dispelled by the court; not only did the court take the precaution of interrupting the prosecution's reading of the statement, on summation, to advise the jury that the statement was to be used for limited purposes and to remind it that its consideration of the statement was to be restricted in accordance with the court's upcoming charge, but the court then instructed that "the prior inconsistent statement is not proof of the facts contained therein and therefore you cannot consider the prior inconsistent statement as any evidence whatsoever". And again, when the jury was allowed to have a copy of the statement during its deliberations, the court iterated that the statement had been received subject to its cautionary instructions and then asked the jury if it had any question about those instructions. After the jury indicated it had none, it commenced deliberating. Significantly, this conviction does not hinge on the jury's perception of the statement, for the other evidence presented furnished ample basis for the jury's decision to convict (see *People v Williamson,* 51 AD2d 843). However, the record does not support the weapons charge conviction for satisfactory proof demonstrating possession of a firearm is lacking (*People v Donaldson,* 49 AD2d 1004; *People v Fwilo,* 47 AD2d 727). It is also claimed that prejudicial error occurred in the court's handling of the indictment. Although the original indictment contravened the requirement of CPL 200.60 in that it adverted to defendant's previous conviction of a crime, it was properly amended without any discernible prejudice to defendant (CPL 200.70). Any mischief which may have accrued when the original indictment was mistakenly read to the jury was quickly remedied by the court's curative instructions. We have considered defendant's other arguments and find them to be without merit. Judgment modified, on the law, by reversing defendant's conviction for the crime of criminal possession of a weapon in the third degree,

and by dismissing the indictment therefor, and, as so modified, affirmed; matter remitted to the County Court of Franklin County for resentencing in accordance herewith. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.