■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD A. BURDASH, Appellant. — Appeals (1) by permission, from an order of the County Court of Franklin County (Plumadore, J.), entered July 11, 1983, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of stolen property in the second degree, without a hearing, and (2) from a judgment of said court, rendered May 23,

1983, which resentenced defendant following his conviction of said crime. ¶ After this court modified defendant's conviction and remitted for resentencing (*People v Burdash,* 92 AD2d 627), but before County Court imposed sentence pursuant to our remittal, defendant moved to vacate the judgment pursuant to CPL 440.10. County Court denied the motion as premature, but indicated that the denial was "without prejudice to the right to move again either after sentencing before this Court or in the Appellate Division as Counsel may elect for either clarification of the Appellate Division order or for a further consideration of the [CPL] 440 motion on its merits before [County Court]". Defendant was then resentenced in accordance with this court's modification. An order denying defendant's motion was entered and, notwithstanding that the order states that the motion was denied in its entirety, i.e., on the merits, it is apparent from County Court's language as quoted above that the motion was not considered on its merits but denied on procedural grounds as premature. After resentencing, defendant apparently did not make a subsequent CPL 440.10 motion and it further appears that defendant never made a motion for reconsideration in this court so as to clarify the alleged inconsistency in the judgment as modified which he asserted as the basis for the CPL 440.10 motion. These appeals from the order denying defendant's CPL 440.10 motion and from the judgment rendered upon defendant's resentencing followed. ¶ CPL 440.10 (subd 1) provides that "[a]t any time *after* the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment" (emphasis added). The status of a defendant upon resentencing after remittal is the same as that of a defendant before sentencing (see *People v Sullivan,* 3 NY2d 196, 198; *People v Bickel,* 28 AD2d 1164, 1165) and a judgment is not complete until sentence is imposed and entered (see CPL 1.20, subd 15). Thus, prior to the imposition of sentence, there is no judgment which can be vacated and a motion under CPL 440.10 at that time is premature and should not be considered (see *People v Padgett,* 32 AD2d 672, affd 27 NY2d 841; *People v Marino,* 51 Misc 2d 238, 239).[1] Such is what occurred in this case and we can find no fault in County Court's denial of defendant's motion for this reason. This disposition renders it unnecessary for us to consider the merits of defendant's motion. ¶ We further find it unnecessary to consider the merits of defendant's appeal urging reversal of his conviction of criminal possession of stolen property in the second degree because of an alleged inconsistency in the prior decision of this court. The prior determination of this court is the law of the case and if defendant was unsatisfied with this court's determination, an appeal should have been taken or, at least, a motion for reconsideration or reargument should have been made. Indeed, as noted above, County Court urged defendant to so move. Even if we were to consider defendant's argument, however, we would find it without merit. ¶ Defendant notes that in reversing his conviction for criminal possession of a weapon in the third degree, this court found that "the record does not support the weapons charge conviction for satisfactory proof demonstrating possession of a firearm is lacking (*People v Donaldson,* 49 AD2d 1004; *People v Fwilo,* 47 AD2d 727)" (*People v Burdash,* 92 AD2d 627, *supra*). Defendant then contends that if there was not sufficient proof of possession of a firearm, his conviction for criminal possession of stolen property in the second degree under subdivision 4 of section 165.45 of the Penal Law, which, as pertains to this case, requires the property to consist of a firearm, cannot be

---

1. Although these cases discussed relief under the old writ of *coram nobis,* we recognize that a motion to vacate a judgment under CPL 440.10 is the statutory continuation of common-law *coram nobis* (see, e.g., 6 Zett, NY Crim Prac, par 50.3) and that the case law developed concerning *coram nobis* relief generally should apply to CPL 440.10 motions (*ibid.*).

sustained. ¶ It is apparent that the record was lacking in the prior case because there was no corroboration of the testimony of David Edwards, defendant's accomplice in the weapons count charge, regarding the operability of the firearm. To be a "firearm", the handgun must have been operable (see *People v Ansare,* 96 AD2d 96, 97) and corroboration by one other than an accomplice is required by CPL 60.22. A defendant may, however, be convicted of criminal possession of stolen property solely upon the testimony of one from whom he obtained such property (see Penal Law, § 165.65, subd 2);[2] thus, the sole testimony of Edwards, from whom defendant obtained the gun, was sufficient evidence of the gun's operability for conviction under subdivision 4 of section 165.45 of the Penal Law. Accordingly, if we were to reach the issue raised, we would find no inconsistency between the reversal of defendant's conviction of criminal possession of a weapon in the third degree and the affirmance of defendant's conviction of criminal possession of stolen property in the second degree. ¶ Order and judgment affirmed. Mahoney, P. J., Main, Weiss, Levine and Harvey, JJ., concur.

---

2. There being no evidence that defendant participated in the larceny of the handgun, the corroboration requirement of subdivision 1 of section 165.65 of the Penal Law would be inapplicable.