George GREINER and Donna Greiner, Plaintiff,

v.

COUNTY OF GREENE, Charles Daucher, Sheriff of Greene County and Ronald Garrison, Defendants.

No. 91–CV–0620.

United States District Court, N.D. New York.

Jan. 28, 1993.

Eppinger, Reingold & Fremont, Larchmont, NY (Stanley Fremont, of counsel), for plaintiffs.

Dreyer, Boyajian & Tuttle, Albany, NY (Daniel J. Stewart, of counsel), for defendants.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge:

### FACTUAL BACKGROUND

The plaintiff, George Greiner,[1] was employed by the Greene County Sheriff's Department on October 13, 1989 when he was called to the scene of a residential fire in Lexington, New York. After completion of his investigation, the plaintiff prepared a written report which he personally handed to Sheriff Charles Daucher. That report stated the homeowner, Mr. Van Etten had reported a .22 caliber gun missing to Deputy Miller and to the plaintiff. In this report, the plaintiff denied having taken possession of the gun.

On October 19, 1989, the plaintiff took the gun from the trunk of his personal vehicle and hid it in a flower bed outside the police station. Two days later, on October 21, 1989, the plaintiff reported to Deputy Cole that there was a gun in the flower bed outside the police station. When Deputy Cole retrieved the gun, the plaintiff commented that the gun looked similar to the one reported stolen by Mr. Van Etten. At no time did the plaintiff indicate to Deputy Cole that he had been the one to place the gun in the flower bed.

On October 22, 1989, the plaintiff called Sheriff Daucher and requested a personal meeting. At the meeting, the plaintiff reported that he had "found" the gun in his bags on October 16, 1989, that he knew that the gun had been reported stolen and he "panicked." He explained that he had originally planned on disposing of the gun at the fire scene, but had changed his mind. This conversation was memorialized in a written statement signed by the plaintiff on October 22, 1989.

After conferring with the Greene County District Attorney, Sheriff Daucher directed that the plaintiff be arrested on a charge of Criminal Possession of Stolen Property in the Fourth Degree, a felony. He was arrested on October 24, 1989, following which he was arraigned and released on his own recognizance. He was suspended from his position with the Sheriff's Department on October 31, 1989. A disciplinary hearing was held on November 28, 1989 wherein the hearing officer concluded that Greene County had met its burden of proof in establishing that the plaintiff had knowingly possessed the .22 caliber gun and that he had committed other acts amounting to misconduct. The hearing officer recommended that the plaintiff be dismissed from his employment, but that if he was found to be "not guilty" of the criminal charge lodged, then he should be reinstated to his former position, or at least have his name placed on the preferred eligible employee list; there was no mention made of back pay in the hearing officer's recommendation.

The plaintiff appealed the hearing officer's recommendation through a special proceeding filed in Greene County Supreme

---

**1.** While there are two plaintiffs in this lawsuit, Donna Greiner is suing for loss of consortium only. As such, the term "plaintiff" will be used henceforth to refer to George Greiner only.

Court pursuant to Article 78 of the New York Civil Practice Law and Rules [hereinafter referred to as the "CPLR"]. The appeal was then transferred to the Appellate Division, Third Department.

During the pendency of that appeal, the Greene County Grand Jury was presented the evidence in the plaintiff's case and declined to issue an indictment, a procedure commonly referred to as a "No Bill." As a result, the plaintiff commenced two additional proceedings: in the first the plaintiff filed, another Article 78 proceeding before Justice George L. Cobb of the Greene County Supreme Court, seeking reinstatement to his position and an award of back pay; and in the second, joined by his wife, Donna Greiner, as co-plaintiff, he filed the complaint in the instant lawsuit in federal court on June 10, 1991, in which he seeks relief under the Civil Rights Act.

On June 27, 1991, Justice Cobb issued a written decision on the plaintiff's second Article 78 proceeding. Justice Cobb found the "No Bill" to be the equivalent of a finding of "not guilty" and therefore, pursuant to the hearing officer's recommendation, he found the plaintiff to be entitled to reinstatement. However, Justice Cobb also found that because the plaintiff's dismissal was based not upon the criminal charge but rather upon his misconduct, he was not entitled to back pay and benefits. Justice Cobb's decision was appealed to the Appellate Division, Third Department.

In November 1991, the Appellate Division, Third Department rendered its decision on the first Article 78 proceeding commenced by the plaintiff in which he appealed the hearing officer's decision. The court found that the evidence was sufficient to support the determination of the hearing officer that Greene County had met its burden of proof but as to the back pay, ruled that the plaintiff was entitled to back pay for the period October 25 through October 31, 1989 (the date on which he was suspended) and the period November 30, 1989 (30 days after his suspension) through May 20, 1990 (when he was dismissed from the Sheriff's Department).

On December 17, 1992, the Appellate Division, Third Department rendered its decision on the appeal that was taken from Justice Cobb's June 1991 decision (the second Article 78 proceeding filed by the plaintiff). The Appellate Division affirmed Justice Cobb on the issue of the "No Bill" but held that although the plaintiff was not entitled to back pay from the period from his dismissal until the first employment vacancy after the Grand Jury failed to indict him, he was entitled to back pay from the point when the first employment vacancy occurred until his actual reinstatement. The case, as modified, was remanded for a determination of the amount of back pay owed.

As stated, the plaintiffs filed the instant lawsuit on June 10, 1991. Jurisdiction is grounded in section 1331 and section 1343(3). The plaintiffs have premised their lawsuit on general violations of the Equal Protection and Due Process Clauses of the fifth and fourteenth amendments to the United States Constitution, on 42 U.S.C. § 1983, on Article I of the United States Constitution, on the New York Civil Service Law and on the New York Civil Practice Law and Rules. The plaintiffs do not assert which violations of their rights pertain to which causes of action. There are asserted seven causes of action:

1) against all the defendants: violation of (unspecified) civil rights by depriving him of due process regarding his property interest in employment by virtue of the defendants' unlawful action, thus entitling him to back pay, pension rights, terminal leave, health benefits and other compensation from the date on which he was suspended (*see* Complaint at ¶¶ 24–27);

2) against all the defendants: by virtue of the acts of the defendants, he has suffered emotional distress and mental suffering (*see* Complaint at ¶¶ 28–30);

3) against all the defendants: by virtue of the willful, unlawful and malicious acts of the defendants, which were in wanton disregard for the rights and feelings of the plaintiff, he demands exemplary or punitive damages (*see* Complaint at ¶¶ 31–32);

4) against defendant Daucher only, in both his individual and official capacity: for the false arrest and imprisonment of the plaintiff (*see* Complaint at ¶¶ 33–38);

5) against defendant Garrison only (unspecified capacity): for malicious prosecution of the plaintiff (*see* Complaint at ¶¶ 39–41);

6) against defendant Garrison, in his individual and official capacity, and against the County of Greene: for wrongful discharge from his civil service position, lost pay and benefits (*see* Complaint at ¶¶ 42–49); and

7) loss of consortium to the plaintiff, Donna Greiner (*see* Complaint at ¶¶ 50–52).

Through the complaint, the plaintiff seeks, in addition to injunctive relief, reinstatement to his former position, compensatory, "emotional" and punitive damages, costs and attorneys fees.

This case was set for trial on January 12, 1992. In filing with the court their pre-trial submissions, the defendants moved "in limine" for various relief:

1) for dismissal of the first and sixth causes of action on the ground that they are barred by the doctrines of res judicata and collateral estoppel;

2) for dismissal of the state related claims for malicious prosecution and false arrest on the ground that they are untimely;

3) for dismissal of the complaint as against the County of Greene inasmuch as it fails to state a claim;

4) for dismissal of the punitive damage request against the municipal defendants; and

5) for dismissal of the complaint as against defendant Daucher on the ground of qualified immunity.

During the pre-trial conference conducted thereafter, counsel for the plaintiffs conceded that the doctrines of res judicata and collateral estoppel foreclose the first and sixth causes of action.

In view of the substantive nature of the motion, the parties agreed and the court concurs that the plaintiff should be afforded the opportunity to fully respond to these motions. Therefore, the court decided to treat the in limine motions as ordinary pre-trial motions, to be decided on the papers submitted by the parties. The trial of this matter was adjourned pending decision on the motions.

## DISCUSSION

### I. *Res Judicata/Collateral Estoppel*

The defendants allege that the first and sixth causes of action are barred by application of the doctrines of res judicata and collateral estoppel. The plaintiffs, through their attorney, have conceded that that is indeed the case. As such, it is not necessary to discuss this issue further. The first and the sixth causes of action are therefore dismissed.

### II. *Timeliness of the Malicious Prosecution and False Arrest Causes of Action*

The defendants assert that the fourth and fifth causes of action, which allege malicious prosecution and false arrest, are time barred since they do not allege constitutional violations but rather allege merely state law claims. The defendants premise this assertion on the fact that in their jurisdictional statement, the plaintiffs do not refer to any specific violation of a constitutional right. Rather they appear to base their claim upon common law principles.[2]

The plaintiffs, in response to this assertion, do not now specify in what way they allege their rights were violated by virtue of the actions of the defendants. They merely cite the court to various authority which provide for a three year statute of limitations in section 1983 actions.

---

2. The first and only time the plaintiffs assert a specific constitutional violation is when they assert a fourth amendment violation on the last page of their Pre–Trial Memorandum of Law. Such an assertion is insufficient to support a finding that the complaint is sufficient. It is also important to note that even in the face of the defendants' motions, the plaintiffs' have not sought leave of court to amend their complaint to assert a possible fourth amendment violation.

It is axiomatic that the statute of limitations for section 1983 actions in this jurisdiction is three years. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). However, by its very terms, section 1983 relief can only be awarded based upon a violation of some "right, privilege or immunity" provided for by the Constitution or some federal statute. Here, with respect to these causes of action, the plaintiffs merely allege violations of their fifth amendment rights to due process and equal protection and their rights as provided for under Article I of the Constitution. The fifth amendment provides for procedural due process[3] and is, therefore, not applicable here. Article I of the United States Constitution is totally inapplicable to the facts alleged in these two causes of action. Thus, by a process of elimination, it would seem the plaintiffs must be alleging state law violations.

■ State law violations cannot form the predicate for section 1983 relief. State law violations are subject to the state statutes of limitations. As the defendants point out, state causes of action for false imprisonment and malicious prosecution are governed by the one year statute of limitations set out in section 215 subdivisions (1) and (3) of the CPLR.

■ The plaintiff was arrested on October 24, 1989. In light of the allegations of false arrest and malicious prosecution, the cause of action accrued on that date. As such, since the plaintiffs did not file this lawsuit until June 10, 1991, it is time barred by the applicable statute of limita-

tions and is barred by their failure to file a timely notice of claim as required by section 50–e of the General Municipal Law of the State of New York when a plaintiff is desirous of initiating suit against a municipality and/or a municipal officer. Thus, the fourth and fifth causes of action are hereby dismissed.

### III. *Claims Against County of Greene*

■ The defendants contend that the plaintiff has failed to assert a claim upon which relief can be granted as against the County of Greene. The plaintiff has not responded to this contention.

In order to assert a claim against a municipality for a deprivation of constitutionally protected rights, the plaintiff must allege that his injury has resulted from some policy or custom of the municipality. *Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611, 635 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791, 803 (1985). The complaint fails to make any such allegation.[4] As such, it must therefore be dismissed.

### IV. *Punitive Damage Claim*

■ The defendants seek dismissal of the plaintiffs' claims for punitive damages on the ground that such damages are not available against municipalities or against governmental officials sued in their official

---

**3.** The fifth amendment to the Constitution reads as follows:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law; nor shall private property be taken for public use, without just compensation."

**4.** In responding to the defendants' motion regarding the qualified immunity issue, the plaintiffs impliedly asserts that in directing his arrest, the Greene County District Attorney acted as the county's final decision-maker, thereby allowing for the imposition of section 1983 liability. *See* Plaintiffs' Pre–Trial Memorandum of Law at 8 (*citing St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); *Pembaur v. Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). However, this assertion is made not in the complaint nor is it set out anywhere other than in the memorandum of law. As such, it cannot be considered in with respect to either a motion to dismiss or a motion for summary judgment, either of which would be procedurally applicable here.

capacities. *See* Defendants' Pre–Trial Memorandum of Law at 10 (*citing Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981)). The plaintiffs do not address this contention in their response.

The defendants are correct in stating that punitive damages are not recoverable against municipalities or governmental officials sued in their official capacities. However, punitive damages are recoverable against governmental officials sued in their individual capacities when their conduct was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632, 651 (1983).

In their complaint, the plaintiffs clearly set out that both Sheriff Daucher and defendant Garrison are being sued both in their official and in their individual capacities. They allege that both individuals acted maliciously and wantonly. As such, it is a question for a jury to determine whether they did so act and whether punitive damages are appropriate.

Therefore, the plaintiffs' claims for punitive damages as those claims relate to the County of Greene and to defendants Daucher and defendant Garrison insofar as they are being sued in their official capacity are dismissed.

### V. Qualified Immunity of Sheriff Daucher

█ The defendants contend that Sheriff Daucher is qualifiedly immune from suit on the malicious prosecution and false arrest causes of action. *See* Defendants' Pre–Trial Memorandum at 10–11.

Governmental officials performing discretionary functions are generally shielded from liability in civil damage actions for conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In the present case, where the plaintiff alleges false arrest and malicious prosecution, it is necessary, in applying this standard, to evaluate the probable cause that existed for the arrest and prosecution.

The plaintiff was arrested for the crime of Criminal Possession of Stolen Property in the Fourth Degree, as a violation of section 165.45(4) of the Penal Law of the State of New York. That section reads as follows:

"A person is guilty of criminal possession of stolen property in the fourth degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof and when: (4) the property consists of one or more firearms...."

Further, section 165.55 provides that a person who possesses stolen property is presumed to possess it with the intent to benefit himself or a person other than the owner of the property or to impede the recovery by the owner.

In an effort to establish a lack of probable cause, the plaintiff raises several points. First, he alleges that there was no evidence available that his possession was "knowing" possession as required by the statute under which he was arrested. *See* Plaintiffs' Pre–Trial Memorandum at 6–7. Secondly, he asserts that the item allegedly possessed by the plaintiff was not a "firearm" within the meaning of that term because it was inoperable at the time.[5] *See id.* at 7; *see also People v. Burdash,* 102 A.D.2d 948, 478 N.Y.S.2d 89 (3d Dep't 1984). Thirdly, the plaintiff asserts that "[e]ven if [he] took the gun from the fire scene, he did so with full authority as a fire investigator." *See* Plaintiffs' Pre–Trial Memorandum at 6.

Probable cause is based upon probabilities, not certitude. As such, in making a determination that there in fact existed

---

5. Attached as an exhibit to the defendants' Reply Affidavit is a copy of a New York State Police Laboratory Firearms Report which discloses that the gun at issue here was, in fact, operable. The report is dated October 18, 1990, however, and therefore, is not conclusive of the probable cause issue.

probable cause, the court must look at all the objective facts known to the reasonably prudent law enforcement officials prior to effectuating the arrest and thereby initiating the prosecution. *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271, 278 (1986); *see also Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145 (1964).

At the time that the plaintiff was arrested, the Greene County Sheriff knew: (a) that the plaintiff had admitted to having had possession of the gun; (b) that the gun had been reported stolen by its owner to the plaintiff; (c) that the plaintiff stated that he did not have the gun and that it had been left at the fire scene after his investigation; and (d) that the plaintiff had admitted placing the gun in the flower bed outside the Sheriff's Department.

The defendant also asserts that there has been an administrative finding of probable cause and that such administrative determination mandates application of the principles of collateral estoppel and res judicata on that issue. *See* Defendants' Pre–Trial Memorandum of Law at 12 (*citing Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)). Here again, the plaintiff has not responded to this aspect of the defendants' motion.

Even if this court determined that it was not precluded by reason of res judicata or collateral estoppel from deciding whether the defendant Daucher had probable cause to believe that the plaintiff had committed the crime at the time the he was arrested, it is clear, based on the facts of the case, that a reasonable person acting in such a capacity as was defendant Sheriff Daucher would have reasonably believed there to have existed the requisite probable cause to validate the arrest. As such, defendant Sheriff Daucher is qualifiedly immune from suit in this instance.

VI. *Remainder of Complaint—Defendant Garrison, Individually*

All that remains of the complaint is so much of the second, third and seventh causes of action as allege that defendant Garrison violated the plaintiffs' rights while acting in his individual capacity. In reviewing the allegations in the complaint as they relate to defendant Garrison, it is clear they are insufficient to survive a motion to dismiss for failure to state a claim on which relief can be granted or, alternatively, for summary judgment. The court finds that in the interest of judicial economy, the remaining causes of action as they relate to defendant Garrison, in his individual capacity, should be and are dismissed.

## CONCLUSIONS

The first and sixth causes of action are dismissed by virtue of the application of the principles of collateral estoppel and res judicata. The fourth and fifth causes of action are dismissed as time barred. The punitive damage claims against the County of Greene, and defendants Daucher and Garrison, insofar as they are being sued in their official capacities, are dismissed. Defendant Sheriff Daucher is qualifiedly immune from suit and therefore, so much of the second, third, fourth and seventh causes of action as assert claims against him in his individual capacity are hereby dismissed. The court, proceeding *sua sponte*, dismisses the remainder of the complaint (the second, third and seventh causes of action as they relate to the defendant Garrison in his individual capacity) for failure to state a claim on which relief can be granted.

IT IS SO ORDERED.