OPINION OF THE COURT
Alan L. Lebowitz, J.
Defendant is charged with the crimes of menacing (Penal Law § 120.14 [1]), resisting arrest (Penal Law § 205.30) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). He now moves to dismiss the information alleging that the weapons charge has not been properly corroborated by a ballistics report within the time constraints of CPL 30.30, and in the interest of justice.
The pertinent facts are set forth below:
On August 29, 1994 Police Officer Quinn, in response to a radio run, arrived at 292 West 20th Street, Brooklyn, New York. He was met by the building superintendent who escorted him to an apartment where a dispute was allegedly in progress. Upon a request to open the door to the apartment, the defendant responded with a pellet gun in his hand. Defendant was then arrested, and the pellet gun was recovered.
Defendant now seeks dismissal of the information alleging that no ballistics report was ever submitted by the People to prove that the pellet gun was operable. Defendant now argues that since 90 days have elapsed since the filing of the complaint against him, the complaint was never converted into an information and is, therefore, facially insufficient. (People v Harvin, 126 Misc 2d 775 [Crim Ct, Bronx County 1984].)
The People argue, in opposition, that a pellet gun is an imitation pistol and that proof of operability is not required. The People, in support of its position, rely on People v Williams (113 Misc 2d 595 [Crim Ct, NY County 1982]). In People v Williams (supra), the court held that an altered, yet inoperable, starter pistol was an imitation pistol.
The People’s reliance on People v Williams (supra) is misplaced. A pellet gun, unlike an imitation pistol, is a dangerous weapon which can cause serious physical injury to an individual, whereas an imitation pistol is not so categorized. Section 265.01 (2) of the Penal Law provides:
"A person is guilty of criminal possession of a weapon in the fourth degree when * * *
*875 "He possesses any * * * imitation pistol or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another.”
Since a pellet gun is capable of causing serious injury or harm to another, it is clearly a dangerous or deadly weapon. Furthermore, the fact that the defendant had the pellet gun drawn at the police officer is sufficient to establish the intent element of the statute.
Since this court finds that a pellet gun is a dangerous instrument capable of causing serious physical injury, there must be some evidence to prove that it is operable. The evidence required is a ballistics report. (See, People v Adorno, 128 Misc 2d 389 [Crim Ct, Bronx County 1984]).
In Matter of Rodney J. (83 NY2d 503 [1994]) the Court of Appeals affirmed the dismissal of a juvenile delinquency petition where the petition and its supporting documentation lacked nonhearsay allegations that the weapon was operable. Accordingly, this court finds that the portion of the information alleging criminal possession of a weapon in the fourth degree must be dismissed for facial insufficiency in that there is no ballistics report filed proving the pellet gun was operable.
However, the court further finds that there is no basis for dismissing the entire information, to wit: the charges of menacing in the second degree and resisting arrest, as these charges were fully corroborated. Although there is no evidence to prove the pellet gun was operable and that charge is, therefore, dismissed, the People may still utilize the gun for the purposes of proving the count of the information charging menacing in the second degree. There is no requirement that the weapon must be operable to prove the charge of menacing in the second degree. Penal Law § 120.14 merely requires the defendant to intentionally place or attempt to place another person in reasonable fear of physical injury or serious physical injury or death by displaying a weapon or dangerous instrument or what appears to be a pistol. Accordingly, the information is facially sufficient to make out the crime of menacing in the second degree.
Defendant further moves for dismissal of the charges in the interest of justice pursuant to CPL 170.40. However, he fails to state any of the criteria set forth under the statute for the granting of this portion of the motion. CPL 170.40 grants the court the discretion to dismiss in the interest of justice. *876 However, there must be some rational basis for granting such a motion. A careful review of defendant’s papers shows no basis for the granting of such a motion.
Accordingly, that portion of defendant’s motion dismissing the charge of criminal possession of a weapon in the fourth degree pursuant to Penal Law § 265.01 (2) is granted. That portion dismissing the remainder of the information in the interest of justice pursuant to CPL 170.40 is denied.