OPINION OF THE COURT
Eileen A. Rakower, J.
Defendant is charged with two counts of possession of an air pistol in violation of the public safety chapter of the Administrative Code of the City of New York (Administrative Code § 10-131 [b] [1]), criminal possession of marihuana in the fifth degree (Penal Law § 221.10), unlawful possession of marihuana *897 (Penal Law § 221.05) and two counts of criminal possession of a weapon in the fourth degree (Penal Law § 265.01). Defendant moves for the dismissal of all charges pursuant to CPL 170.30, 170.35 (1) (a); 100.40 (1) (a) and 100.15 (3) because the facts stated in the complaint are insufficient to sustain the count charging possession of an air pistol. Defendant argues that the prosecution’s failure to allege in the complaint, or in a supporting deposition or ballistics report, that the air pistols seized were operable renders the complaint defective.
An information is facially sufficient when the factual portion of the instrument, together with any supporting depositions, (1) allege nonhearsay facts that would give the court reasonable cause to believe that defendant committed the offense charged, and (2) establish, if true, every element of that offense. (See, CPL 100.40 [1]; People v Alejandro, 70 NY2d 133 [1987].) “ ‘Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (CPL 70.10 [2].) This burden is significantly less than the standard at trial of proof beyond a reasonable doubt. (CPL 70.20.)
While possession of an air pistol or air rifle is not a crime under the Penal Law (unless the person possessing the air pistol is under 16 years old [Penal Law § 265.05]), it is a crime under the public safety chapter of the Administrative Code (Administrative Code § 10-131 [b] [1]) for anyone to possess an air pistol or air rifle within New York City. Administrative Code § 10-131 (b) (1) and (f) state that:
“1. It shall be unlawful for any person to sell, offer to sell or have in such person’s possession any air pistol or air rifle or similar instrument in which the propelling force is a spring or air, except * * * [it] shall not be unlawful if such person [has] secured an annual license from the police commissioner * * * “f. * * * any person who shall wilfully violate any provisions of this section shall, upon conviction, be punished by a fine of not more than fifty dollars, or by imprisonment not exceeding thirty days, or by both such fine and imprisonment.” (Emphasis added.)
The prosecution must prove two elements before a defendant may be convicted of possession of an air pistol or air rifle: (1) that the defendant possessed a pistol or rifle in which the propel-
*898 ling force is spring or air, and (2) that the possession took place in New York City. To be facially sufficient the complaint, together with any supporting depositions, must allege facts which, if true, would establish these elements. (See, CPL 100.40 [1] ; People v Alejandro, 70 NY2d 133 [1987], supra.)
The People argue that because an “air pistol” is not included in the definition of “firearm” under Penal Law § 265.00 (3), or included in the “firearms” chapter of the Administrative Code (Administrative Code § 10-301 et seq.) the requirement that a firearm be operable for a conviction under Penal Law article 265 (Matter of Francisco C., 238 AD2d 224 [1st Dept 1997]; People v Wearing, 126 AD2d 586 [2d Dept 1987]; People v Actie, 99 AD2d 815 [2d Dept 1984]), is inapplicable to a prosecution for possession of an air pistol under Administrative Code § 10-131 (b) (1).
The People fail to acknowledge that the public safety chapter of the Administrative Code which regulates air pistols also includes pistols, revolvers and other firearms. Firearm regulation is not exclusive to the firearms chapter.
The reason courts have found that a weapon must be operable or readily capable of becoming operable is because it is the operability of the weapon which makes it dangerous, and, therefore, criminal. This extends beyond ordinary firearms. Courts have required proof that a weapon is capable of performing the mechanical function that makes it dangerous. (People v Perez, 123 AD2d 889 [2d Dept 1986] [failure to establish the operability of a light-handled knife as a gravity knife required dismissal]; People v Khoi Dang, 172 Misc 2d 274 [1997] [a valid informátion for possession of an “electronic stun gun” must contain factual allegation that it was “operable”, defined as capable of emitting an electronic charge, along with the supporting deposition of person who tested it].) In People v Laureno (163 Misc 2d 873 [1995]), the defendant pointed an air rifle at a police officer and was charged with Penal Law § 265.01 (2) . Penal Law § 265.01 (2) requires both the possession of a “dangerous * * * instrument” and an “intent to use the same unlawfully against another”. The Laureno court held that an air rifle is a “dangerous instrument” and that proof of its “operability” in the form of a ballistics report is required. (People v Laureno, 163 Misc 2d, at 875.)
The Court of Appeals, in People v Longshore (86 NY2d 851, 852), stated that “[although the statute is silent on the point, it is now accepted that to establish criminal possession of a handgun the People must prove that the weapon is operable *899 (see, Penal Law § 265.01 [1]; People v Grillo, 15 AD2d 502, affd 11 NY2d 841; People v Lugo, 161 AD2d 122; People v Acitie, 99 AD2d 815; People v Donaldson, 49 AD2d 1004, 1005; and see, People v Saunders, 85 NY2d 339, 342; People v Cavines, 70 NY2d 882, 883).” The Court further acknowledged that this extended to rifles and shotguns (“see, Matter of Jermaine M., 188 AD2d 336, 337; People v Padron, 118 AD2d 599; People ex rel. Walker v Hammock, 78 AD2d 369”), reasoning that there is no functional difference between a handgun and a rifle. (People v Longshore, supra, at 852.) “Both are capable of inflicting serious injury or death only if operable and both are appropriately regulated under those circumstances.” (Supra.) Similarly, an air pistol is capable of inflicting serious injury only if it is operable.
What makes an air pistol dangerous is the force with which it propels an object. A firearm uses the explosion of the gun powder in the bullet to propel the bullet. An air pistol propels a small lead pellet using spring action (like the rebound of a stretched rubberband) or the power of releasing air that has been compressed by pumping or in a cartridge (like that which is used to make water into seltzer). It follows that a sufficient complaint must allege facts which establish that the pistols or rifles alleged to be air pistols or air rifles are capable of propelling an object with this kind of force.
This court finds that a necessary element of possession of an air pistol or rifle (Administrative Code § 10-131 [b] [1]) is that the pistol or rifle was operable. Therefore, for a complaint charging Administrative Code § 10-131 (b) (1) to be facially sufficient, it must allege (in the complaint or through a supporting deposition or ballistics report) facts that tend to prove that when the pistol or rifle was seized it had an operable spring or air propulsion system.
In the instant case, the complaint, as it relates to the air pistol charges, merely concludes that, “[in the County and State of New York,] deponent recovered * * * two air pistols which were in plain view directly next to defendant.” The People have failed to allege in the complaint or in any other supporting document that either of the two pistols seized were capable of propelling an object via spring or air. This failure renders that count of the complaint facially insufficient.
The complaint also fails to support the stated conclusion that the pistols recovered were air pistols. The Court of Appeals, in People v Dumas (68 NY2d 729), held that a facially sufficient complaint must plead evidentiary facts showing the *900 basis for any conclusions set forth in the complaint. In Dumas, the Court held, that the criminal court complaint was facially insufficient because it failed to allege evidentiary facts which would tend to support the conclusion that the substance sold was marihuana. (People v Dumas, 68 NY2d, at 731.) Similarly, in the instant case, the People have failed to allege evidentiary facts to support the conclusory statement that the items seized were air pistols.
Therefore defendant’s motion to dismiss the complaint is granted to the extent that the two counts of possession of an air pistol or rifle (Administrative Code § 10-131 [b] [1]) are dismissed. The remaining counts are facially sufficient and the motion to dismiss the complaint in its entirety is denied.