■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIN APONTE, Appellant. [673 NYS2d 148] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered November 21, 1995, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Goldstein, J.), of that branch of the defendant's omnibus motion which was to suppress statements he made to the police.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing the defendant's conviction for criminal possession of a weapon in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

On September 21, 1993, the hearing court denied the defendant's omnibus motion to suppress evidence in its entirety and stated that it would "submit written findings of fact and conclusions of law". However, since the defendant pleaded guilty the following day and waived his right to appeal, the hearing court did not issue a written decision. On appeal, this Court vacated the defendant's plea on jurisdictional grounds and remitted the matter to the Supreme Court (*see, People v Aponte,* 212 AD2d 157). The case then proceeded to trial.

Contrary to the defendant's contention, the Trial Court did not unconstitutionally delegate its duties when it held that this Court would make findings of fact and conclusions of law regarding the defendant's suppression motion. To the contrary, in the case before us, the hearing record provides a fully adequate basis upon which this Court may review the testimony and make a determination (*see, People v Neely,* 219 AD2d 444; *People v Danylocke,* 150 AD2d 480; *People v Acosta,* 74 AD2d 640).

It is evident from the testimony of the People's witnesses produced at the hearing, that the police had probable cause to initially take the defendant into custody for car theft (*see, People v Parris,* 83 NY2d 342; *People v Bigelow,* 66 NY2d 417). When he was subsequently told that the police knew he had permission to drive the car, the defendant was no longer in custody and remained at the precinct voluntarily (*see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Delfino,* 234 AD2d 382; *People v McGowan,* 201 AD2d 743; *cf., People v Boyle,* 239 AD2d 512). At the time when the defendant made his statements he was considered a witness to this crime and not a suspect (*see, People v Jones,* 228 AD2d 522). Furthermore, his subsequent confessions were voluntarily given after the de-

fendant had been given *Miranda* warnings and had agreed to answer questions (*see, People v Huntley,* 15 NY2d 72; *People v Reaves,* 209 AD2d 647). Therefore, the hearing court properly denied the defendant's suppression motion in its entirety.

In addition, the court erred in its charge to the jury when it failed to link a particular weapon to the counts of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree—of which charge the defendant was acquitted. The court also failed to charge the jury on the element of operability. Accordingly, the defendant's conviction for criminal possession of a weapon in the second degree must be vacated and that count of the indictment dismissed (*see, People v Jones,* 233 AD2d 342; *People v Hechavarria,* 158 AD2d 423; *People v Alvarez,* 96 AD2d 864).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not require reversal. Bracken, J. P., Thompson, Pizzuto and Florio, JJ., concur.