OPINION OF THE COURT
Arthur M. Schack, J.
Defendant was charged with violating: Penal Law § 265.01 (2) (criminal possession of a weapon in the fourth degree); Penal Law § 120.14 (1) (menacing in the second degree); and Penal Law § 120.15 (menacing in the third degree). Defendant moves to dismiss this case for facial insufficiency pursuant to CPL 100.15 and 100.40 and also moves to suppress defendant’s *71 statements and physical evidence. Additionally, defendant moves to dismiss the case pursuant to CPL 30.30, alleging that the complaint has not been properly converted to an information within 90 days of her arrest.
This case is one of first impression. The defendant is accused of pointing a mace container at the complaining witness placing him in fear of physical injury. The twofold inquiry before the court is (1) whether a cannister of mace is considered a deadly weapon or firearm, and (2) whether it must be tested as operable at the time of the arrest to make out a prima facie case for the violation of Penal Law § 265.01 (criminal possession of a weapon in the fourth degree). The court answers both questions in the affirmative and the motion to dismiss for facial insufficiency is granted.
Facial Sufficiency
Defendant threatened the complainant by pointing a container of mace at his face placing him in fear of imminent injury. For this, she is charged with the aforementioned crimes. The courts have addressed the issue of operability of a weapon with respect to: handguns (People v Longshore, 86 NY2d 851); pellet guns (People v Laureno, 163 Misc 2d 873); and homemade guns (Matter of Don R. B., 66 Misc 2d 279). A can of mace is likewise considered a weapon and for a Penal Law § 265.01 charge to be facially sufficient the mace container’s operability must be corroborated.
In People v Longshore (86 NY2d 851 [1995], supra), the Court of Appeals was presented with the question of whether the evidence proved the weapon in question was operable. The People conceded that they failed to establish operability but contended that the statute did not require them to prove operability. It is now accepted that to establish criminal possession of a handgun, the People must prove that the weapon is operable.[1] Furthermore, it appears that the courts have assumed the same rule applies to criminal possession of rifles and shotguns under Penal Law § 265.01.[2] Requiring proof of operability for the two offenses is reasonable because there is no functional *72 difference between a handgun and a rifle or shotgun, and no reason to treat each differently in this respect for purposes of the criminal possession statutes. Both are capable of inflicting serious injury or death only if operable and both are appropriately regulated under those circumstances.
In the instant case, the People have also conceded that they failed to establish operability of the weapon.[3] Furthermore since a cannister of mace, like a handgun, is capable of inflicting serious injury when operable, the mace is considered a “deadly or dangerous instrument” under Penal Law § 265.01 and should thus be covered by the statute.
The First Department has ruled, in People v Robles (251 AD2d 20 [1998]), that absent evidence of operability of a weapon, a fourth degree criminal weapons possession charge fails. Although not preserved for appellate review, in the interest of justice, the Court concluded that since there was no evidence of the operability of any of the weapons involved in the incident, a charge of Penal Law § 265.01 could not survive.
In People v Aponte (249 AD2d 553 [2d Dept 1998]), the Court focused on operability of the firearm as being the essential element of criminal possession of a weapon in the second degree. The lower court failed to charge the jury on the element of operability. Accordingly, the defendant’s conviction for criminal possession of a weapon in the second degree was vacated and that count of the indictment dismissed. (See, People v Jones, 233 AD2d 342 [2d Dept 1996]; People v Hechavarria, 158 AD2d 423 [1st Dept 1990]; People v Alvarez, 96 AD2d 864 [2d Dept 1983].)
A pellet gun must likewise be proven operable. (People v Laureno, 163 Misc 2d 873 [Crim Ct, Kings County 1995], supra.) Defendant was charged with, inter alia, Penal Law § 265.01 (2) and moved to dismiss the information alleging that the weapons charge has not been properly corroborated by a ballistics report within the time constraints of CPL 30.30, and in the interest of justice. On August 29, 1994, Police Officer Quinn, in response to a radio run, arrived at the scene of the crime and was met by the building superintendent who escorted him to an apartment where a dispute was allegedly in progress. Upon a request to open the door to the apartment, the defendant waved a pellet gun in his hand. Defendant was then arrested, and the pellet gun was recovered.
*73 In Laureno (supra), the defendant sought dismissal of the information alleging that no ballistics report was ever submitted by the People to prove that the pellet gun was operable. Defendant argued that since 90 days had elapsed since the filing of the complaint against him, the complaint was never converted into an information and is, therefore, facially insufficient. (See, People v Harvin, 126 Misc 2d 775 [Crim Ct, Bronx County 1984].)
The People argued that a pellet gun is an imitation pistol and that proof of operability is not required. The People relied on People v Williams (113 Misc 2d 595 [Crim Ct, NY County 1982]). In Williams (supra), the court held that an altered, yet inoperable, starter pistol was an imitation pistol. However, the Laureno court held that the People’s reliance on Williams was misplaced. A pellet gun, unlike an imitation pistol, is a dangerous weapon which can cause serious physical injury to an individual, whereas an imitation pistol is not so categorized. Since a pellet gun is capable of causing serious injury or harm to another, it is clearly a dangerous or deadly weapon. Furthermore, the fact that the defendant had the pellet gun drawn at the police officer is sufficient to establish the intent element of the statute.
Since the court found that a pellet gun is a dangerous instrument capable of causing serious physical injury, there must be some evidence to prove that it is operable. The evidence required is a ballistics report. (See, People v Adorno, 128 Misc 2d 389 [Crim Ct, Bronx County 1984].) So accordingly, in Laureno (supra), the court found that the portion of the information alleging criminal possession of a weapon in the fourth degree must be dismissed for facial insufficiency because no ballistics report was filed proving the pellet gun was operable.
Lastly, in Matter of Don R. B. (66 Misc 2d 279 [Fam Ct, Kings County 1971], supra), the court held that a homemade gun unable to discharge a bullet was neither a weapon nor firearm under Penal Law former § 265.05. If the gun had the ability to discharge and fire, it would have been considered a firearm under the statute.
A cannister of mace has the potential to do serious damage to a person. If the mace cannister is operable, it is a dangerous instrument. The two menacing charges, Penal Law § 120.14 (1) and § 120.15, must also be dismissed. With the failure of the People to present a prima facie case for criminal possession of a weapon in the fourth degree, the menacing charges must also be dismissed.
*74 CPL 30.30
The CPL 30.30 issue is now moot because the case is dismissed on its merits, and it will not be addressed by this court.
Conclusion
Defendant’s motion to dismiss all charges for facial insufficiency is granted.

. People v Grillo, 15 AD2d 502 (2d Dept), affd 11 NY2d 841 (1962); People v Lugo, 161 AD2d 122 (1st Dept 1990); People v Actie, 99 AD2d 815 (2d Dept 1984); People v Donaldson, 49 AD2d 1004 (4th Dept 1975); and see, People v Saunders, 85 NY2d 339, 342 (1995); People v Cavines, 70 NY2d 882, 883 (1987).

. See, Matter of Jermaine M., 188 AD2d 336, 337 (1st Dept 1992); People v Padron, 118 AD2d 599 (2d Dept 1986); People ex rel. Walker v Hammock, *72 78 AD2d 369 (4th Dept 1981); see also, People v Walston, 147 Misc 2d 679 (Crim Ct, Kings County 1990).

. People’s affirmation in response, at 1, para 3.