OPINION OF THE COURT
Ellen M. Coin, J.
Defendant is charged with two counts of assault in the third *950 degree (Penal Law § 120.00 [1], [2]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). He moves this court for an order granting reargument of his prior motion to deem the information an unconverted complaint, and upon such reargument, for an order deeming the complaint unconverted. For the reasons that follow, although defendant’s motion to reargue is granted, upon such reargument the court adheres to its prior decision.
An information must contain nonhearsay allegations which, if true, establish every element of the offense charged and defendant’s commission thereof. (CPL 100.40 [1] [b], [c].)
The instant complaint alleges, in pertinent part, that the defendant sprayed mace in the complainant’s face, causing redness and swelling to his face and burning and swelling to his eyes.
Defendant argues that in its prior determination that the complaint was an information, the court overlooked People v McCullum (184 Misc 2d 70 [Crim Ct, NY County 2000]), a decision not cited in his original moving papers and which was rendered only a few days before the determination of his motion. Relying on McCullum, he contends that proof of operability of mace in the form of a laboratory report is required for conversion of a complaint.
A person is guilty of criminal possession of a weapon in the fourth degree when he possesses any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol, or any other dangerous or deadly instrument or weapon with intent to use it unlawfully against another. (Penal Law § 265.01 [2].)
To establish criminal possession of a handgun (in violation of Penal Law § 265.01 [1]), rifle or shotgun (in violation of Penal Law § 265.01 [4]), the People must prove that the weapon is operable. (People v Longshore, 86 NY2d 851, 852 [1995].) Proof of operability has also been required when the weapon possessed is a pellet gun, in violation of Penal Law § 265.01 (2) (People v Laureno, 163 Misc 2d 873 [Crim Ct, Kings County 1995]; but see, People v Adorno, 128 Misc 2d 389 [Crim Ct, Bronx County 1984]), stun gun (People v Lynch, 145 Misc 2d 354 [Crim Ct, Kings County 1989]), or crossbow, in violation of Penal Law § 265.01 (2) (People v Aquart, 171 Misc 2d 114 [Crim Ct, Bronx County 1997]).
However, operability, like any other element of a crime, may be established by circumstantial evidence. (People v Borrero, *951 26 NY2d 430 [1970]; People v Aquart, 171 Misc 2d, supra, at 117; People v Lynch, 145 Misc 2d, supra, at 356-357; see, e.g., People v Hechavarria, 158 AD2d 423, 424-425 [1st Dept 1990] [although weapon never recovered, circumstantial evidence of operability demonstrated by allegations that the defendant had challenged the victim to “shoot it out,” victim was shot and defendant was seen with a gun in his hand immediately after the shooting].)
Here the complaint contains ample circumstantial evidence that the mace was operable. It alleges that defendant sprayed mace in the victim’s face, and that as a result he suffered swelling to his face, and burning and swelling to his eyes.* Thus, assuming that proof of operability were required, a laboratory report would be surplusage in view of the factual allegations here.
Defendant next argues that a laboratory report is required to establish that the substance allegedly sprayed was, in fact, mace, citing People v Gunatilaka (156 Misc 2d 958 [Crim Ct, NY County 1993]). There the complaint alleged that defendant possessed a canister of tear gas, in violation of Penal Law § 270.05 (2) (unlawful possession of noxious material). “Noxious material” is defined in the statute as “any container which contains any drug or other substance capable of generating offensive, noxious or suffocating fumes, gases or vapors, or capable of immobilizing a person.” (Penal Law § 270.05 [1].) Thus, the Gunatilaka court held that for the purposes of facial sufficiency a laboratory report was required to demonstrate the presence of the proscribed substance.
Here, in contrast, defendant is charged with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) for possessing a “dangerous instrument.” A dangerous instrument means any instrument, article or substance, which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury. (Penal Law § 10.00 [13].)
It is well settled that any instrument, article or substance, no matter how innocuous it may appear to be when used for its legitimate purpose, becomes a dangerous instrument when it is used in a manner which renders it capable of causing serious physical injury. “The object itself need not be inherently *952 dangerous. It is the temporary use rather than the inherent vice of the object which brings it within the purview of the statute.” (People v Carter, 53 NY2d 113, 116 [1981].)
The alleged substance used here caused redness and swelling to the complainant’s face and burning and swelling to his eyes. These allegations are sufficient to show that the substance was a dangerous instrument.
Accordingly, defendant’s motion to reargue is granted, and upon reargument, his motion to deem the complaint unconverted is denied.

 To this extent, the instant complaint is distinguishable from that in Mc-Cullum (supra), since there the defendant allegedly pointed, but did not discharge, a mace container.