People v Banchs (2024 NY Slip Op 50775(U))

[*1]

People v Banchs

2024 NY Slip Op 50775(U)

Decided on June 25, 2024

Criminal Court Of The City Of New York, Bronx County

Gonzalez-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 25, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Christopher Banchs, Defendant.

Docket No. CR-026064-23BX

For the People: Darcel D. Clark, District Attorney, Bronx County
(by: Teresa Piccolo, Assistant District Attorney)
For the Defendant: The Bronx Defenders
(by: Rachna K. Agarwal, Esq.)

Yadhira González-Taylor, J.

By notice of omnibus motion dated April 12, 2024, defendant moves for dismissal of counts one and three of the accusatory instrument for facial insufficiency pursuant to Criminal Procedure Law ("CPL") §§170.30, 170.35 and 100.40; for dismissal pursuant to, inter alia, CPL §§ 30.30 (1) (b) and 170.30 (1) (e) because the People's Certificate of Compliance ("CoC") was illusory and based upon speedy trial grounds; and for an order granting suppression and preclusion of evidence or, alternatively, granting hearings pursuant to Wade/Cruz/Rodriguez/Dunaway, Huntley/Dunaway and Mapp, and Sandoval/Ventimiglia. Additionally, defendant requests the right to file a reply brief and for hearings on the underlying facts pursuant to People v Luperon, 85 NY2d 71 [1995] and People v Allard, 28 NY3d 41 [2016], respectively, if the People oppose the motion, and for such additional relief as this Court deems just and proper. The People opposed the motion in its entirety.
Upon review and consideration of the submissions, court file and relevant legal authority, defendant's motion is GRANTED in part and DENIED in part, as follows:
Defendant's motion to dismiss COUNT ONE of the information for facial insufficiency pursuant to CPL §§170.30, 170.35 and 100.40 is GRANTED without prejudice; and
Defendant's motion to dismiss COUNT THREE of the information for facial insufficiency pursuant to CPL §§170.30, 170.35 and 100.40 is DENIED; and
Defendant's motion for dismissal pursuant to CPL §§ 30.30 (1) (b) and 170.30 (1) (e) is DENIED; and
The People's CoC filed on January 17, 2024, is deemed VALID; and
Defendant's request for orders suppressing evidence is DENIED but his request for Wade/Cruz/Rodriguez/Dunaway, Huntley/Dunaway and Mapp pre-trial hearings is GRANTED; and
Defendant's request for an order precluding evidence, or a Sandoval/Ventimiglia hearing, is respectfully REFERRED to the trial court; and
efendant's request for a hearing on the underlying facts pursuant to Luperon, supra and Allard, supra is DENIED and defendant's reservation of rights to file additional motions is also DENIED subject to the rights under CPL § 255.30 (3); and
The People are DIRECTED to comply with their continuing discovery obligations pursuant to CPL § 245, including Brady disclosures; and
Defense counsel is DIRECTED to certify discovery compliance within 30 days of the date of this Decision and Order pursuant to CPL §§ 245.20 (4) and 245.50 (2).
RELEVANT PROCEDURAL BACKGROUN
On November 25, 2023, defendant Christopher Banchs was arraigned and charged with Penal Law ("PL") §§ 120.14 (1) (menacing in the second degree), 265.01 (1) (criminal spossession of a weapon in the fourth degree) and 265.01 (2) (criminal possession of a weapon in the fourth degree) all misdemeanors, and 240.26 (1) (harassment in the second degree), a violation. Defendant was first arraigned on November 26, 2023, and released on his own recognizance. The People filed their supporting deposition on November 29, 2023, and defendant was arraigned on the information at the next court appearance on January 12, 2024. On January 17, 2024, the People filed and served their automatic disclosures, CoC and Statement of Readiness ("SoR"). On March 13, 2023, the People served further disclosures with their supplemental CoC ("SCoC"). At the appearance held on March 15, 2024, defense counsel advised the Court that the parties had conferred about disputed disclosure items, and she requested an omnibus motion schedule. The People opposed the motion on May 12, 2024, and although given leave to file a reply brief by June 20, 2024, defense counsel did not. THE CRIMINAL COMPLAINT
The factual allegations at bar provide, in pertinent part, that: PO ORHAN GOKKAYA of TD DT12, Shield# 2655, states that on or about November 25, 2023 at approximately 11:50 PM at the corner of Prospect Avenue and Westchester Avenue, , [sic] County of the Bronx, State of New York, [... ]
Deponent is informed by R. HERNANDEZ [FN1]
, that at the above time and place, she was on the MTA subway when she and the defendant engaged in a verbal dispute at which time the defendant pulled out a mace canister and pointed said mace canister at informant.
Deponent is further informed by informant that as a result of the defendant's aforementioned actions she experienced annoyance, alarm and fear for her physical safety.
Deponent further states that he observed defendant holding a knife in his right hand, which defendant dropped to the ground. Deponent further states that he observed said knife to be a switchblade knife, in that deponent tested said knife and said knife has a blade which opens automatically by hand pressure applied to a button, spring or other device in the handles of the knife.
DISCUSSION
[*2]I. Applicable Legal Standards
The Facial Insufficiency Challenge
To meet the jurisdictional standard for facial sufficiency, a misdemeanor complaint "need only set forth facts that establish reasonable cause to believe that the defendant committed the charged offense" (see People v Smalls, 26 NY3d 1064, 1066 [2015]; see also CPL § 100.40 [1] [b]; CPL § 70.10). The accusatory instrument must set forth non-hearsay facts of an evidentiary nature which, if true, establish every element of the offense charged, and "(s)o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (see People v Casey, 95 NY2d 354, 360 [2000]; see also People v Suber, 19 NY3d 247 [2012]; People v Dumas, 68 NY2d 729 [1986]). Finally, "[t]he prima facie case requirement does not necessitate that the information allege facts that would prove defendant's guilt beyond a reasonable doubt" (see People v Washington, 46 Misc 3d 1210 [A], 2015 NY Slip Op 50030 [U], ***3 [Crim Ct, New York County 2015] [internal citations omitted].
The CoC Challenge
The Court of Appeals addressed the issue of how trial courts can evaluate prosecutorial due diligence regarding discovery obligations in People v Bay, — NE3d &mdash, 2023 NY Slip Op 06407 [2023]. The Bay Court found that the "key question in determining if a proper certificate of compliance has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record at bar (see Bay, 2023 NY Slip Op 06407, *2 [emphasis added]; CPL §§ 245.20 [1], 245.50 [1]).
The CPL § 30.30 Challenge
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30, a defendant has the initial burden to demonstrate that the prosecution failed to declare readiness for trial within ninety days (see CPL § 30.30 [1] [b]); see People v Luperon, 85 NY2d 71, 77-78 [1995]). The burden then shifts to the prosecution to identify excludable delays (see Luperon at 78). Generally, a criminal action is commenced by the filing of an accusatory instrument against a defendant, and it is settled law that the date on which the action is commenced is excluded from the CPL § 30.30 computation (see CPL § 1.20 [17]; People v Stiles, 7 NY2d 765, 767 [1987]).
Additionally, the People must now satisfy their statutory obligation pursuant to CPL § 245.50 (3), which provides that "the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to subdivision one of this section" (see People v Kendzia, 64 NY2d 331, 337 [1985]). Therefore, courts must examine the prosecution's due diligence to determine the validity of the CoC and, importantly, whether the accusatory instrument should be dismissed as a consequence of any chargeable period of non-compliance which renders the prosecution untimely (see Bay, 2023 NY Slip Op 06407, *2).
II. The Parties' Arguments
Initially, defense counsel avers that count one of the criminal complaint, PL § 265.01 (2) (criminal possession of a weapon in the fourth degree), is facially insufficient because the prosecution has failed to assert factual allegations that the mace canister was operable and, thus, readily capable of causing death or other serious injury as a dangerous or deadly weapon (affirmation of defendant's counsel). Specifically, counsel argues that count three is [*3]insufficiently pled were the People merely assert that defendant pointed the mace canister at the complaining witness (affirmation of defendant's counsel). Similarly, defendant contends that count three of the criminal complaint, PL § 120.14 (1) (menacing in the second degree), must also be dismissed where the canister could not be deemed a dangerous instrument capable of placing another person, or attempting to place another person, in reasonable fear of physical injury (affirmation of defendant's counsel). 
Next, defendant maintains that the prosecution failed to disclose Giglio materials for non-testifying witnesses Police Officer ("PO") Eric Owusu and PO Luis Ortiz Paez although both were substantially involved in his arrest (affirmation of defendant's counsel). Counsel also asserts that the prosecution's CoC should be invalidated because the People failed to timely disclose civil lawsuit information concerning testifying witness PO Sean Rooney and contemporaneous notes written by responding officers (affirmation of defendant's counsel). Defendant also argues that the prosecution has provided insufficient information concerning the complaining witness's five prior convictions (affirmation of defendant's counsel). Lastly, defendant reserves his right to file supplemental motions and contends that evidence should be suppressed or, alternatively, that he be granted a pre-trial hearing pursuant to Wade/Cruz/Rodriguez/Dunaway, Huntley/Dunaway and Mapp, and that evidence of prior bad acts or convictions be precluded from trial or, alternatively, that he be granted a Sandoval/Ventimiglia hearing (affirmation of defendant's counsel). 
The People contend that the operability of the mace canister is of no import to the Court's analysis of facial insufficiency and cite to the holding in People v Wooden, 275 AD2d 935, 936 [4th Dept 2000] for the proposition that the danger posed by the canister itself should be analogized to the threat posed by a handgun which is employed as a bludgeon (People's affirmation at 10). In the same vein, the prosecution posits that where the information merely alleges that defendant pointed the canister at the complainant, without further detail about how defendant's finger and arm were positioned, "the act of pointing" is sufficiently pliable to include the possibility that defendant intended not to spray the canister but, rather, to use it as a blunt object to hit the complaining witness (People's affirmation at 11).
Next, the People aver that they made reasonable efforts to substantially comply with automatic disclosures prior to their CoC filing (People's affirmation at 15-16). Specifically, the prosecution asserts that after defense counsel followed up with the People, almost two months after the CoC filing, to advise that underlying documents concerning the referenced lawsuit information for PO Sean Rooney had not been shared, they promptly confirmed that the civilian lawsuit information was publicly available on the Law Department's website and, thereafter, downloaded the materials and disclosed them with a supplemental CoC (People's affirmation at 17). The assigned ADA further asserts that she exercised due diligence in following up for contemporaneous notes taken by responding officers by speaking and sending multiple emails to the officers from January 9, 2024 to April 20, 2024, and she confirmed the existence of and disclosed notes taken by PO Eric Owusu on April 22, 2024, which she contends are duplicative of the audible conversations in the officer's body-worn camera ("BWC") (People's affirmation at 18). 
Concerning the prior conviction history of their complaining witness, the People argue that they have already provided information that satisfies their disclosure obligation, including the violation, dates of conviction, docket or indictment number and plea (People's affirmation at 19-20). Moreover, the prosecution relies upon the holding in People v Cooperman, 225 AD3d [*4]1216, 1220 [4th Dept 2024] for the proposition that Giglio disclosures for non-testifying officers are not automatically discoverable and, further, that the involvement in defendant's arrest by POs Ortiz Paez and Owusu was peripheral and that neither directed the arrest or established probable cause for the arrest such that their disciplinary records should have been disclosed in accordance with this Court's holding in People v Peralta, 79 Misc 3d 945, 954 [Crim Ct, Bronx County 2023] (People's affirmation at 20-21). Finally, the People deny and oppose all further prongs of defendant's omnibus motion, including his request for hearings pursuant to Wade/Cruz/Rodriguez/Dunaway, Huntley/Dunaway and Mapp, and Sandoval/Ventimiglia, and his reservation of rights to file additional motions (People's affirmation at 23-29). 
III. The Court's Analysis
Facial Insufficiency Claim
A. Count One: Criminal Possession of a Weapon in the Fourth Degree 
Penal Law § 265.01 (2) provides, in pertinent part, that a person is guilty of criminal possession of a weapon in the fourth degree when "(h)e or she possesses any dagger, dangerous knife, dirk, machete, razor, stiletto, imitation pistol, undetectable knife or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another" (see PL § 265.01 [2]). New York Criminal Jury Instructions ("CJI") further provides, in pertinent part, that "DANGEOUS INSTRUMENT means any instrument, article or substance (including a vehicle) which, under the circumstances in which it is used, is readily capable of causing death or other serious injury" (see (CJI2d[NY] Penal Law § 265.01 [2], https://www.nycourts.gov/judges/cji/2-PenalLaw/265/265-01.pdf [emphasis added][last accessed June 17, 2024]; see also PL § 10.10 [13]). 
Viewed in the light most favorable to the People, and because this Court is guided by the CJI instruction that a "dangerous instrument" must be assessed by "the circumstances in which it is used," the allegation that "defendant pulled out a mace canister and pointed said mace canister at informant" does not suggest that defendant intended to use the canister to strike the complainant. Although the prosecution urges the Court to consider that Merriam-Webster defines the word "point," in pertinent part, as to direct or aim (something), and then posits that because the information is silent as to how defendant gripped the canister or whether his index finger was on top of the canister, it could reasonably be inferred that the canister was a dangerous weapon capable of being used to hit their complainant citing to People v Wooden (see Wooden at 935 [The Fourth Department held that the handgun was used to strike the victim on the side of the head which caused the victim to lose consciousness, and sustain a laceration and swelling to the right side of his head]). 
Courts "should approach factual allegations with a fair, not overly restrictive, or technical reading" (see People v Suitland, 80 Misc 3d 1220 [A], 2023 NY Slip Op 51045 [U], *2 [Crim Ct, Bronx County 2023] citing People v Casey, 95 NY2d 354, 360 [2000]). However, it is well-settled that "in evaluating the sufficiency of an accusatory instrument we do not look beyond its four corners" (see People v Hardy, 35 NY3d 466, 475 [2020] citing People v Thomas, 4 NY3d 143, 146, [2005]). Consequently, the Court cannot engage in conjecture about whether the mace canister could have been employed as a bludgeon where the People's accusatory instrument does not allege facts to support their supposition; this is why the prosecution's reliance on Wooden is wholly misplaced, and the Court must instead analyze the facts at bar concerning whether the canister was operable and, therefore, capable of discharging a chemical that could cause bodily injury (see People v McCullum, 184 Misc 2d 70, 73 [Crim Ct, New York County 2000]). We [*5]find that the holding in McCullum is on point where that defendant, also charged with criminal possession of a weapon in the fourth degree, moved to dismiss the accusatory instrument for facial insufficiency. 
In a case of first impression, the McCullum court, citing to handgun cases where the absence of evidence concerning the operability of the weapon rendered the information or indictment facially insufficient, held that the prosecution did not have a prima facie PL § 265.01 (2) charge because operability was found to be an element of the offense and, in the absence of this proof, the mace canister did not constitute a dangerous instrument capable of inflicting serious injury or damage under the circumstances described at bar (see McCullum at 72-73 citing People v Robles, 251 AD2d 20 , 21 [1998] ["The conviction for criminal possession of a weapon in the fourth degree must be vacated, and that count of the indictment dismissed, since there was no evidence of the operability of any of the weapons involved in the incident"]; see People v Aponte, 249 AD2d 553,555 [2d Dept 1998] ["The (lower) court also failed to charge the jury on the element of operability. Accordingly, the defendant's conviction for criminal possession of a weapon in the second degree must be vacated and that count of the indictment dismissed"]; see also Matter of R.B., 66 Misc 2d 279, 280 [Fam Ct, Kings County 1971] ["A pistol incapable of being fired is not a pistol, revolver or other firearm within the statute"] [internal citations omitted]; but see People v Wilkerson, 184 Misc 2d 949, 951 [Crim Ct, New York County 2000]["Here the complaint contains ample circumstantial evidence that the mace was operable. It alleges that defendant sprayed mace in the victim's face, and that as a result he suffered swelling to his face and burning and swelling to his eyes. Thus, assuming that proof of operability were required, a laboratory report would be surplusage in view of the factual allegations here"] [emphasis added]).
At bar, there are no factual allegations that the mace canister was discharged nor have the People proffered any circumstantial evidence that the canister was operable and, thus, constituted a weapon which posed the potential of doing serious harm to the complainant. Accordingly, count one of the information, criminal possession of a dangerous weapon in the fourth degree, is dismissed as jurisdictionally unsound pursuant to CPL §§170.30, 170.35 and 100.40.
B. Count Three: Menacing in the Second Degree
Penal Law § 120.14 (1) provides, in pertinent part, that a person is guilty of menacing in the second degree when "(h)e or she repeatedly follows a person or engages in a course of conduct or repeatedly commits acts over a period of time intentionally placing or attempting to place another person in reasonable fear of physical injury, serious physical injury or death" (see PL § 120.14 ([1]). However, operability is not an element of offense of menacing in the second degree. "The statute merely requires proof that the defendant intentionally placed or attempted to place another person in reasonable fear of injury" (see People v Laureno, 163 Misc 2d 873, 875 [Crim Ct, Kings County 1995]).
Therefore, taken in the light most favorable to the People, the allegations that following a verbal dispute, defendant "pulled out a mace canister and pointed said mace canister at informant," create a reasonable inference that defendant intended to spray a chemical at the complaining witness. Moreover, the alleged act of pointing the mace canister at the complaining witness leads to a reasonable inference that she would have been in apprehension of physical injury from being sprayed with a chemical substance capable of causing serious irritation to her face and body. Therefore, the complaint is facially sufficient to sustain a prima facie PL § [*6]120.14 (1) charge.
CoC Challenge: Belated Disclosures
While there is no one-size fits all response to determining discovery compliance, this Court has held that "by following-up, the very essence of what it means to exercise due diligence," the prosecution's CoC can be deemed valid although some discovery is missing and/or belatedly disclosed (see Hernandez, 2023 NY Slip Op 51201[U], *15 citing People v Franklin, 78 Misc 3d 1232[A], 2023 NY Slip Op 50400[U], *6 [Crim Ct, Bronx County 2023]).
A. Information Concerning PO Sean Rooney's Civilian Lawsuits
We credit the People's representation that lawsuit information for PO Sean Rooney was provided in the CoC, but the underlying documents were belatedly disclosed after the assigned ADA confirmed that said records were not within the People's custody, direction and control. Based upon the record at bar, there is no merit to defense counsel's argument that the People's belated disclosure of the underlying lawsuit records is a basis to invalidate their CoC, or to charge them with speedy trial time for non-compliance. 
B. Giglio Records for Non-Testifying Officers
Although we have held that the People cannot hermetically shield a non-testifying officer from Giglio disclosure, such disclosure should be premised upon an argument that the officer played an integral role in the arrest and/or investigation of the incident such that disclosure is warranted (see Peralta, 79 Misc 3d 956-957). Initially, the People's reliance upon the Cooperman holding for the proposition that the Giglio materials for non-testifying officers are not automatically discoverable is misplaced where the Fourth Department specifically declined to consider the discoverability of Giglio materials other than for impeachment purposes pursuant to CPL § 245.20 (1) (k) (iv). We respectfully submit that the issue remains unsettled by controlling authority. 
However, the record at bar persuades the Court that PO Ortiz Paez's involvement was not integral to defendant's arrest or the investigation where the arresting officer, PO Rooney, having observed defendant to have a switchblade in his hand, had probable cause to effectuate the arrest, albeit assisted by PO Ortiz Paez. Additionally, we credit the statements in the record that the complainant spoke to the arresting officer directly, in addition to speaking with PO Owusu in the presence of other responding witnesses. We do not find that PO Owusu's questioning of two eyewitnesses, one of whom claimed that they didn't actually see anything, is determinative. Parenthetically, insofar as defendant asserts that CCRB records for PO Ortiz Paez remain outstanding, it is well-settled that the CCRB is not a law enforcement agency nor an agency within the prosecution's control (see Peralta at 956 citing People v Carter, 76 Misc 3d 1206[A], 2022 NY Slip Op 50837[U], *6 [Crim Ct, Kings County 2022]). The record demonstrates that the prosecution has satisfied its automatic Giglio disclosure obligations.
C. Responding Officers' Handwritten Notes
Courts of concomitant jurisdiction have held that "defense counsel cannot strategically delay their CoC challenge in the hope that the People's speedy trial time will exhaust before their disclosures are supplemented, as such a course would undoubtedly contravene the Legislative intent which animates CPL § 245.50 (4) (b) (see CPL § 245.50 [4] [b] ["Challenges to, or questions related to a certificate of compliance shall be addressed by motion; [b] to the extent [*7]that the party is aware of a potential defect or deficiency related to a certificate of compliance or supplemental certificate of compliance, the party entitled to disclosure shall notify or alert the opposition party as soon as practicable"][emphasis added]; see also People v Henriquez, 80 Misc 3d 1220[A], 2023 NY Slip Op 51044[U], *3 [Crim Ct, Bronx County 2023] citing People v Valdez, 2023 NY Slip Op 23239, *6 [Crim Ct, Kings County 2023]).
Here, the People's CoC was filed and served on January 17, 2024. However, the record demonstrates that defense counsel did not contact the assigned ADA until March 12, 2024, almost two months later, to inquire about, inter alia, the responding officer's contemporaneous notes (see Exhibit 12, People's affirmation in opposition). As a threshold matter, two months is hardly demonstrative of practicable notice of purported CoC deficiencies. While the assigned ADA argues that contemporaneous notes are duplicative of information discernable from BWC footage, the Court is more persuaded by the People's repeated documented efforts to liaise with POs Gokkaya, Ortiz Paez and Owusu, before and after the CoC filing, to confirm that PO Ortiz Paez alone had notes to disclose. 
D. Information Concerning the Complainant's Prior Convictions
Defendant argues that the prosecution has failed to provide any information on the sentence imposed or the underlying materials in its possession concerning the complaining witness's five prior convictions. 
However, the People submit credible evidence that they have disclosed "the date of conviction, what the individual pled guilty to, county in which the conviction was obtained, and the docket or indictment number" concerning the judgments of conviction (People's Affirmation in Opposition at 19, Exhibit 21). We have previously held that "(t)his information is consistent with a body of case law which has interpreted CPL § 245.20 (1) (p) to require a list of convictions, rather than a complete record of convictions, along with the Penal Law sections alleged to have been violated, and the dates of convictions (see People v Lebron, 83 Misc 3d 1202[A], 2024 NY Slip Op 50643[U], *2 [Crim Ct, Bronx County 2024] citing People v Davis, 78 Misc 3d 544, 549 [Sup Ct, Bronx County 2023] ["(T)o construe the adjective complete to include the underlying documents, as the defense contends, would inevitably lead to unfruitful arguments over what paperwork must be disclosed by the People. This could not have been the Legislature's intent in enacting the statute, which was aimed at improving basic fairness and openness in discovery, and not opening a Pandora's box"] [internal quotations omitted]; see also, People v Adeyemi, 32 AD3d 755, 756 [1st Dept 2006], lv denied 7 NY3d 865 [2006]; People v Graham, 289 AD2d 417, 418 [2d Dept 2001], lv denied 97 NY2d 754 [2002]).
Defendant's ability to obtain evidence to cross-examine the complainant about prior bad acts has not been thwarted, the prosecution has satisfied its CPL § 245.20 (1) automatic discovery obligations, and defendant has not proffered any evidence to support a finding that the People's CoC should be invalidated.
IV. Defendant's Request for a Hearing if the Motion is Denied
If his motion to dismiss is denied, defendant requests a hearing on the underlying facts pursuant to Luperon, supra and Allard, supra. However, the Court finds that the People's opposition has settled all factual disputes. Thus, there are no unresolved disputes which require a hearing and defendant's request is denied.
V. The CPL § 30.30 Calculation
Criminal Procedure Law § 245.50 (3) provides that "the prosecution shall not be deemed [*8]ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to subdivision one of this section" (see Pierna, 74 Misc 3d at 1087 [internal quotation marks omitted]; People v Aquino, 72 Misc 3d 518, 520, 146 NYS3d 906 [Crim Ct, Kings County 2021]). In the case at bar, the People's 30.30 calculation commenced on November 26, 2023, the day after defendant's arraignment. The People's CoC, filed and served on January 17, 2024, was valid and stopped the prosecution's speedy trial clock (November 26, 2023 — January 17, 2024, = 52 days). Consequently, 52 days are chargeable to the People and, thus, the prosecution was timely pursuant to CPL § 30.30 (1) (b).
VI. Defendant's Request for Orders to Suppress and Preclude Evidence
Defendant moves for an order suppressing evidence or, alternatively, granting pre-trial hearings pursuant to Wade/Cruz/Rodriguez/Dunaway, Huntley/Dunaway and Mapp; and for an order precluding evidence of defendant's prior convictions or bad acts pursuant to Sandoval/Ventimiglia. 
Defendant's request for an order of suppression is denied and issues of preclusion are respectfully referred to the trial court for consideration. However, the Court grants defendant's request for Wade/Cruz/Rodriguez/Dunaway, Huntley/Dunaway and Mapp pre-trial hearings.
CONCLUSION
Based upon the foregoing, defendant's motion is GRANTED in part and DENIED in part, as follows:
Defendant's motion to dismiss COUNT ONE of the information for facial insufficiency pursuant to CPL §§170.30, 170.35 and 100.40 is GRANTED without prejudice; and
Defendant's motion to dismiss COUNT THREE of the information for facial insufficiency pursuant to CPL §§170.30, 170.35 and 100.40 is DENIED; and
Defendant's motion for dismissal pursuant to CPL §§ 30.30 (1) (b) and 170.30 (1) (e) is DENIED; and
The People's CoC filed on January 17, 2024, is deemed VALID; and
Defendant's request for orders suppressing evidence is DENIED but his request for Wade/Cruz/Rodriguez/Dunaway, Huntley/Dunaway and Mapp pre-trial hearings is GRANTED; and
Defendant's request for an order precluding evidence, or a Sandoval/Ventimiglia hearing, is respectfully REFERRED to the trial court; and
Defendant's request for a hearing on the underlying facts pursuant to Luperon, supra and Allard, supra is DENIED and defendant's reservation of rights to file additional motions is also DENIED subject to the rights under CPL § 255.30 (3); and
The People are DIRECTED to comply with their continuing discovery obligations pursuant to CPL § 245, including Brady disclosures; and
Defense counsel is DIRECTED to certify discovery compliance within 30 days of the date of this Decision and Order pursuant to CPL§§ 245.20 (4) and 245.50 (2).
This constitutes the opinion, decision, and order of the Court.
Dated: June 25, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.

Footnotes

Footnote 1:
 The name of the complaining witness has been partially redacted for publication in accordance with section 12.4 (f) of the Privacy Guidelines for New York Official Reports.